IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE L. AIRGOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1581 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 13th day of January, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings at step 3 of the sequential evaluation process consistent with this Memorandum Judgment Order.

Plaintiff filed her application for SSI on December 12, 2006, alleging disability beginning on November 21, 2006, due to panic attacks, depression and severe memory loss. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 9, 2007. On March 4, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 26,

2008, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 37 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education, but she does not have any past relevant work experience and she has not engaged in any substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of major depressive disorder, anxiety disorder and borderline intellectual functioning. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she is limited by certain non-exertional limitations. Plaintiff is limited to work that involves only simple, repetitive tasks and only incidental interaction with the public, as well as low production standards and low stress (collectively, the "RFC Finding"). Based on the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual

functional capacity permit her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a kitchen helper, cleaner or laundry worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further

inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff claims that the ALJ's finding that she does not meet listing §12.05C for mental retardation is not supported by substantial evidence. Plaintiff further argues at step 5 that the ALJ erred in evaluating certain medical evidence and in assessing her credibility.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Plaintiff claims that the ALJ erred by failing to find that she meets listing §12.05C for mental retardation. The Regulations provide the following with respect to §12.05C:

> 12.05. Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the

AO 72
(Rev. 8/82)

- 5 -

> impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function....

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

The United States Court of Appeals for the Third Circuit has held that in order to meet the requirements of §12.05C, a claimant "must i) have a valid verbal, performance or full scale IQ of 60 through 70, ii) have a physical or other mental impairment imposing additional and significant work-related limitations of function, and iii) show that the mental retardation was initially manifested during the developmental period (before age 22)." Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003).

Here, the ALJ found that plaintiff does not meet §12.05C because she does not have a valid verbal, performance or full scale IQ score of 60 through 70 and she does not have a physical or other mental impairment that imposes an additional and significant work-related limitation of function. (R. 16). As a result of that finding, the ALJ did not address in his decision whether plaintiff satisfies the requirement of §12.05C that mental retardation was initially manifested during the developmental period (before age 22).

The ALJ's analysis of whether plaintiff's condition satisfies the requirements of §12.05C is defective for three reasons.

First, the ALJ failed to consider evidence in the record which indicates that plaintiff has a verbal IQ score of 60 through 70 as required by the first prong of §12.05C.[1] The evidence of record indicates that plaintiff's verbal IQ score was measured at 65 in 1982 and at 68 in 2006. (R. 111, 120). Despite this evidence, the ALJ generally concluded that plaintiff "does not have a valid verbal, performance or full scale IQ score of 60 through 70." (R. 16). The ALJ did not specifically address plaintiff's IQ test results, let alone give any reason for apparently rejecting her scores that fell within the 60 through 70 range. While the ALJ may reject scores that are inconsistent with other evidence in the record, he must provide a basis for the rejection. Markle, 324 F.3d at 187. Because there is evidence in the record that plaintiff's verbal IQ scores were in the 60 through 70 range, and because the ALJ failed to account for that evidence in his decision, remand is appropriate for further consideration of the IQ requirement of §12.05C. See Colon v. Barnhart, 424 F.Supp.2d 805, 815 (E.D. Pa. 2006) (remanding where the "ALJ's written opinion failed to properly indicate how the ALJ weighed and discounted certain record evidence, which is relevant to the issue of whether or not the ALJ's ultimate conclusion is supported by

---

[1] To satisfy the requirement of §12.05C that the claimant must have a valid verbal, performance, or full scale IQ of 60 through 70, the Regulations only require that one of those IQ scores be in the 60 through 70 range. See Listing §12.00D.6.c. ("...where verbal, performance, and full scale IQs are provided ... we use the lowest of these in conjunction with 12.05"); see also Markle, 324 F.3d at 186 (recognizing that the lowest of these three IQ scores is to be utilized in making a determination under §12.05C).

substantial evidence.").

Second, the ALJ's determination that plaintiff does not have a physical or other mental impairment that imposes an additional and significant work-related limitation of function is not supported by substantial evidence. The ALJ found that plaintiff has the severe impairments of major depressive disorder, anxiety disorder and borderline intellectual functioning, (R. 14), and that these impairments restrict her to work consistent with the limitations set forth in the RFC Finding. (R. 16). These findings satisfy the second requirement under §12.05C, that is, a physical or other mental impairment imposing additional and significant work-related limitation of function. See Markle, 324 F.3d at 188 (holding that a finding of a severe impairment establishes that the claimant has a physical or other mental impairment imposing additional and significant work-related limitation of function under listing §12.05C). Accordingly, this court concludes there is no dispute that plaintiff has met the second requirement of listing §12.05C and the ALJ's determination in regard to that requirement must be reversed and need not be revisited on remand.

Finally, the ALJ also erred by failing to address whether the onset of plaintiff's claimed mental retardation occurred before age 22, which is the third requirement of listing §12.05C.[2] The

---

[2]The Commissioner provided a number of reasons in his Brief in Support of Motion for Summary Judgment why plaintiff did not exhibit the deficits of adaptive functioning before age 22 to meet (continued ...)

Court of Appeals for the Third Circuit has held that remand is required where the ALJ fails to address that very issue:

> We note that here the ALJ may well believe on remand that he should develop the record further - as is his duty - and inquire further into the nature of [the claimant's] special education, or obtain an expert opinion as to the likely onset of the retardation. Accordingly, we will remand the matter to the ALJ so that he can provide his interpretation of the record on this issue, develop the record further, and make a finding whether [the claimant] meets the third element of a §12.05(C) listed impairment, namely, whether his retardation commenced before age 22.

Markle, 324 F.3d at 189.

In accordance with Markle, this case will be remanded so that the ALJ may address whether plaintiff's claimed mental retardation commenced before age 22. In addressing that issue, the ALJ shall provide his interpretation of the record on the matter, develop the record as necessary to determine the likely onset of plaintiff's mental retardation, and make a finding whether she meets the third element of listing §12.05C requiring onset of mental retardation before age 22.[3]

Plaintiff next challenges the ALJ's findings at step 5 of the

---

that requirement of §12.05C. See Document No. 12 at 13-15. However, the court's task is to analyze the ALJ's decision itself, not the reasons supplied by the Commissioner in his brief, and to determine if the ALJ's decision is supported by substantial evidence.

[3]Although the ALJ failed to consider whether plaintiff's mental retardation manifested before age 22, which must be addressed on remand, the court notes that plaintiff bears the burden of providing evidence that shows she meets that requirement of listing §12.05C. See Vivaritas v. Commissioner of Social Security, 2008 WL 364958, *5 (3d Cir. February 12, 2008), citing, Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers her ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds: (1) the ALJ erred in assessing medical evidence provided by Dr. Mark Goral; and (2) the ALJ erred in evaluating plaintiff's subjective complaints regarding her limitations. For the reasons explained below, the court finds that these arguments lack merit.

Plaintiff first argues that the ALJ's step 5 finding is not based on substantial evidence because he gave inadequate weight to the findings of Dr. Goral, who she characterizes as a treating physician. To the contrary, Dr. Goral examined plaintiff only on one occasion when he performed a consultative psychological examination of her. Accordingly, because Dr. Goral was not plaintiff's treating psychologist, his findings and opinion are not subject to the treating source provisions of the Regulations. See 20 C.F.R. §416.927 (discussing evaluation of opinion evidence, including that of treating physicians).

Despite the fact that Dr. Goral was not one of plaintiff's treating physicians, the ALJ in any event considered Dr. Goral's findings that plaintiff has a slight impairment in her ability to understand and remember short, simple instructions, a moderate impairment in her ability to make judgments on simple work-related decisions, and no impairment in her ability to interact appropriately with the public, supervisors and co-workers. (R. 17). The ALJ then incorporated Dr. Goral's findings into the RFC Finding by limiting plaintiff to simple, repetitive tasks, with incidental interaction with the public, low production standards and low stress. Accordingly, the ALJ properly considered Dr. Goral's findings, and plaintiff's argument to the contrary lacks merit.

Plaintiff's final argument is that the ALJ erred in evaluating her subjective complaints regarding her limitations. A claimant's subjective complaints concerning her impairments must be supported by objective medical and other evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

Here, in assessing plaintiff's credibility, the ALJ considered all of the relevant evidence in the record, including plaintiff's own statements about her symptoms, her activities of daily living, her lack of treatment and the fact that she does not

take any medications, and reports by examining physicians about her symptoms and how they affect her. See 20 C.F.R. §§416.929(c)(1)-(4); Social Security Ruling 96-7p. The ALJ then determined that plaintiff's impairments could be expected to produce some of the limitations she alleged, but her subjective complaints regarding her limitations were not entirely credible. (R. 17). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 16-17), and is satisfied that such determination is supported by substantial evidence.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

                               Gustave Diamond
                               United States District Judge

cc:    Terry K. Wheeler, Esq.
       56 Clinton Street
       Greenville, PA 16125

       Jessica Smolar
       Assistant U.S. Attorney
       700 Grant Street
       Suite 4000
       Pittsburgh, PA 15219